IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00627-BNB

PAUL ROBERT LOPEZ,

    Applicant,

v.

SUSAN JONES, Warden, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.



FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 16 2008

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Applicant Paul Robert Lopez initiated this action by filing a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. On April 22, 2008, Magistrate Judge Boyd N. Boland ordered Respondents to file a Pre-Answer Response and address the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and if necessary exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). Respondents filed a Pre-Answer Response on May 8, 2008, and Applicant filed a Reply on May 16, 2008. For the reasons stated below, the Court will deny the Application and dismiss the action.

In the Application, Mr. Lopez alleges that on March 23, 2007,[1] he was resentenced in his State of Colorado criminal case, Case No. 02-CR-884, to eight years of incarceration and three years of parole. He further asserts that originally he was found guilty in Case No. 02-CR-884 and was sentenced to eight years in community

---

[1] Although Mr. Lopez asserts that he was resentenced on March 23, 2007, the Judgment of Conviction that he has attached to the Application indicates and Respondents state that he was resentenced on March 22, 2007.

corrections. Mr. Lopez states that he did not file a direct appeal and that he is in the process of collaterally attacking the sentence in state court by filing a Colo. R. Crim. P. 35(a) postconviction motion. In the instant action, Mr. Lopez asserts that the resentencing trial court judge did not award him the good-time credits that vested during the time prior to his resentencing. Applicant further asserts that he has a liberty interest in the good-time credits and that his due process rights have been violated by the Colorado Department of Corrections in not crediting his current sentence with the good-time credits that he has earned.

In the Pre-Answer Response, Respondents claim that Mr. Lopez is both time-barred under § 2244(d) and that the claims he raises are either not exhausted or are barred by the anticipatory procedural default doctrine. (Pre-Answer at 7.) In support of the time-bar argument, Respondents assert that Mr. Lopez's conviction became final on November 25, 2002, forty-five days after he was convicted, because Mr. Lopez did not file a direct appeal of his conviction. Respondents further assert that to the extent Mr. Lopez is not challenging his resentencing on March 22, 2007, he waited 1785 days after his conviction was final to file his first postconviction motion on October 12, 2007, and then when the first conviction motion was denied on November 28, 2007, waited another 113 days to file a second postconviction motion on March 20, 2008, equaling a total of 1898 days during which Mr. Lopez did not have a collateral proceeding pending in state court and during which the time is not tolled under 28 U.S.C. § 2244(d).

Respondents further argue that the resentencing should not restart the limitations time under § 2244(d), because the good-time credits for which Mr. Lopez is seeking credit vested prior to the imposition of the new sentence. Respondents

2

concede, however, that if Mr. Lopez's resentencing date does restart the one-year statute limitation under § 2244(d) then the Application is timely because only 272 days have elapsed during which Mr. Lopez has not had a collateral proceeding pending in state court.

In Mr. Lopez's Reply, he asserts that he is not challenging the "under-lining of the case in and of itself he is challenging three clearly distinct federal constitutional deprivations that occurred in state court trial." (Reply at 3.) Applicant further asserts that he is challenging the resentencing procedural defaults and the illegal sentence that was imposed upon resentencing. (Reply at 3.) Mr. Lopez's claims are somewhat ambiguous. It is not clear if he is stating in part that he intends to challenge certain aspects of his state court trial that took place in 2002 or if he is challenging only the terms of the resentencing that took place in 2007.

A one-year limitation period applies to this action under 28 U.S.C. § 2244(d). Section 2244(d) specifically provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly

3

> recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The Court finds that to the extent Mr. Lopez is challenging the constitutionality of his resentencing and the liberty interest that he alleges has vested in good-time credits, the one-year limitation begins to run from the date his March 22, 2007, resentencing became final rather than from the date his October 11, 2002, conviction and sentencing became final. Therefore, any claims that Mr. Lopez raises attacking the March 22, 2007, resentencing appear timely. Applicant had a postconviction motion pending from October 12, 2007, until November 28, 2007, and another postconviction motion filed on March 20, 2008, that still is pending. His conviction in his resentencing did not become final until May 7, 2007. *See* C.A.R. 4(b); C.A.R. 26(a). Therefore, from May 8, 2007, until October 11, 2007, 157 days, and from November 29, 2007, until March 19, 2008, 112 days, Applicant did not have a postconviction motion pending in state court. The total time that is not tolled for the purpose of § 2244(d) is only 269 days.

Nonetheless, Mr. Lopez has failed to exhaust his state court remedies. The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation

4

requires that the federal issue be presented "to the highest state court, either by direct review of the conviction or in a postconviction action." ***Dever v. Kansas State Penitentiary***, 36 F.3d 1531, 1534 (10th Cir. 1994). "The exhaustion requirement is not one to be overlooked lightly." ***Hernandez v. Starbuck***, 69 F.3d 1089, 1092 (10th Cir. 1995).

Although Respondents contend that Applicant failed to raise a federal constitutional issue in his state postconviction motions and that he possibly may be procedurally barred, the Court finds otherwise. Mr. Lopez has attached an exhibit to his Application, Exhibit B, which includes a copy of the postconviction motion that Mr. Lopez submitted to the state court on March 20, 2008. In the postconviction motion, Mr. Lopez asserts that his due process rights have been violated because the trial court imposed an illegal sentence at his resentencing proceeding. Mr. Lopez also asserts that the trial court stated he should be credited with 495 days of earned time, but he has not received the credit. Liberally construing Mr. Lopez's claim, the Court finds sufficient basis for finding an alleged violation of Mr. Lopez's constitutional rights.

The Court, however, will not address whether the claim more properly is raised in a 28 U.S.C. § 2241 action rather than in a § 2254 action. Regardless of the statutory authority for Applicant's claims, he is required to exhaust state court remedies before raising those claims in federal court. ***See Montez v. McKinna***, 208 F.3d 862, 866 (10th Cir. 2000). Applicant, however, claims that the exhaustion of his state court remedies is futile because even if it is found that he should be credited with fourteen months of good-time credits he will be eligible for release prior to completing the state court exhaustion requirements.

5

Exhaustion of state court remedies is not required only when there is an absence of available State corrective process or circumstances exist that render the process ineffective to protect an applicant's rights. *See* 28 U.S.C. § 2254(b)(1)(B). "An exception [to the exhaustion requirement] is made only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief." *See Duckworth v. Serrano*, 454 U.S. 1, 3 (1981). Applicant fails to assert that there is no opportunity to obtain redress in state court or that his opportunity to redress his claims in state court is so clearly deficient that he would not be able to properly attempt any effort to obtain the relief he seeks. His claim that he would not be able to complete the state court exhaustion process prior to when he should be released is speculative at best and fails to support a finding that any state court process is clearly deficient. Furthermore, he currently has a postconviction motion pending in state court in which he is able to address the claims that he raises in this action.

Based on the above findings, the Court will dismiss the instant action for failure to exhaust state court remedies. Accordingly, it is

ORDERED that the Application is denied and the action is dismissed without prejudice for failure to exhaust state remedies.

DATED at Denver, Colorado, this 12 day of June, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

6

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-00627-BNB

Paul Robert Lopez
Prisoner No. 135750
Colorado State Penitentiary
PO Box 777
Cañon City, CO 81215-0777

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 6/16/08

GREGORY C. LANGHAM, CLERK

By: _____
          Deputy Clerk